FILED
2011 Jan-12 PM 03:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | | |
|---|---|---|
| DAVID AKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 6:10-CV-00868-PWG-LSC |
| | ) | |
| LABORATORY CORPORATION OF | ) | |
| AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OF OPINION AND ORDER

The magistrate judge entered an Order Pursuant to Paragraph 5, General Order of Reference, on November 16, 2010, finding that Plaintiff's motion to remand is due to be denied.  (Doc. 18.)  Plaintiff timely filed objections to the magistrate judge's order on November 16, 2010.  (Doc. 19.) Having carefully reviewed and considered all the materials in the court file, including the report and recommendation, the Court is of the opinion that no part of the magistrate judge's order is clearly erroneous or contrary to law.  *See* Fed. R. Civ. P. 72(a).

Plaintiff contends that the magistrate judge erred in finding that the

defendants established compliance with the "unanimity" procedural requirement for removal.  Plaintiff concedes that each of the three defendants in this action filed a notice of removal within thirty days of each defendant's receipt of service of the complaint.  Defendants Laboratory Corporation of America and Dianon Systems, served on March 8, 2010, timely filed a joint notice of removal on April 6, 2010.  Defendant DHL Express, Inc. ("DHL"), served on March 9, 2010, filed a "Notice of Removal and/or Joinder and Consent to Notice of Removal filed by Co-Defendants" on April 8, 2010.  Plaintiff argues, however, that the April 6th notice of removal was defective because DHL did not file its consent within the first-served defendants' thirty-day deadline.  Plaintiff then contends that DHL's timely notice of removal is deficient because the first two defendants did not subsequently file consents to that specific notice.

In *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202 (11th Cir. 2008), the Eleventh Circuit Court of Appeals adopted what is commonly referred to as the "last-served" rule.  The appellate court noted, however, that "it may be more in keeping with our interpretation of the rule to think of the 'last-served' defendant rule as the "each defendant' rule." *Id*. at

1205 n.4. "In other words, the statute should be read to permit each defendant, whether first or last served or somewhere in between, thirty days within which to file a notice of removal upon receipt of service." *Id*. The Eleventh Circuit acknowledged its position was more liberal than that of the Fourth Circuit, which upheld removal in a case similar to the one at issue here. *Id*. at 1205 n.5. In *McKinney v. Board of Trustees of Mayland Community College*, 955 F.2d 924 (4th Cir. 1992), the Fourth Circuit held that later-served defendants had thirty days from service to join a timely removal filed by earlier-served defendants. *Bailey*, 536 F.3d at 1205 n.5. The Eleventh Circuit has gone beyond *McKinney* and determined that even if earlier-served defendants have waived removal or failed to file a timely removal, they may join a timely petition for removal by later-served defendants.

In this case, each defendant manifested its consent to removal on the record in a timely manner by filing a notice of removal within thirty days of receipt of service. This is not a case where the earlier-served defendants waived removal or failed to indicate their desire to remove. The April 6th joint removal notice filed by Laboratory Corporation of America and Dianon

Systems is a clear indication of these defendants' consent to removal at the time DHL filed its timely notice on April 8, 2010. Defendants' removal meets the unanimity conditions set forth in *Bailey*. Accordingly, Plaintiff's objections are OVERRULED. No part of the magistrate judge's order denying Plaintiff's motion to remand is clearly erroneous or contrary to law.

Done this 12th day of January 2011.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
139297